IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Dr. Ronald A. Nurse,<br><br>                 Plaintiff,<br><br>    v.<br><br>Capella University, Dr. Lisa Faille, Dr. Craig Marker, Dr. Kristi Mueller, Dr. Andrea Murray, Dr. Constance St. Germain, Dr. Ashley Poklar, Dr. Jennifer Raymer, Dr. Gerry Koocher, Dr. Danny Sharara, and Ms. Michelle Adams.<br><br>                 Defendants. | Case No. 1:24-cv-06546-SAL<br><br>**ORDER** |

      Proceeding pro se, Dr. Ronald Nurse ("Plaintiff") brings this action against Defendants Capella University, Dr. Lisa Faille, Dr. Craig Marker, Dr. Kristi Mueller, Dr. Andrea Murray, Dr. Constance St. Germain, Dr. Ashley Poklar, Dr. Jennifer Raymer, Dr. Gerry Koocher, Dr. Danny Sharara (collectively, the "Capella Defendants"), and Michelle Adams,[1] asserting a claim of intentional discrimination under Title VI of the Civil Rights 1964, 42 U.S.C. § 2000d. *See* ECF No. 1; *see also* ECF No. 10 (construing the complaint as purporting to assert only a claim of intentional discrimination under Title VI). Capella Defendants move to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, ECF No. 34, and move for Rule 11 sanctions against Plaintiff, ECF No. 55. Plaintiff opposes their motions. [ECF Nos. 44, 45, 62.]

      This matter is before the court on the report and recommendation ("Report") issued by United States Magistrate Judge Molly H. Cherry under 28 U.S.C. § 636(b)(1)(B) and Local Civil

---

[1] All Defendants except for Defendant Adams are represented by the same counsel. Defendant Adams appeared separately and proceeds pro se.

1

Rule 73.02(B)(2)(e) (D.S.C.), recommending that Capella Defendants' motion to dismiss be granted and their motion for sanctions be denied. [ECF No. 101.] Plaintiff, Capella Defendants, and Defendant Adams all object to the Report. [ECF Nos. 108, 109, 112.] For the reasons below, the court adopts the Report and its ultimate recommendation.

## Legal Standards

### I. Review of a Magistrate Judge's Report

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* at 460. If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* But "[i]n the absence of *specific* objections . . . , this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (D.S.C. 2009).

**II.     Motion to Dismiss**

Under Fed. R. Civ. P. 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion, the court must accept the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011). The court need not, however, accept the plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On a motion to dismiss, the court's task is limited to determining whether the complaint states a "plausible claim for relief." *Id*. at 679. Although Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," a "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). When considering a motion to dismiss, a court can consider "documents that are explicitly incorporated into the complaint by reference," documents "attached to the complaint as exhibits," and documents attached to a motion to dismiss, as long as they are "integral to the complaint" and "authentic." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). If the court can reasonably read the pleadings to state a valid claim on which a plaintiff could prevail, it should do so. Still, the requirement of liberal construction does not mean the court can ignore a clear failure in the

3

pleading to allege facts that set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DICUSSION

### I. The Report

The magistrate judge issued a thorough Report, recommending that Capella Defendants' motion to dismiss be granted and their motion for sanctions be denied. [ECF No. 101.] The Report sets forth in detail the relevant facts and standards of law, and this court incorporates those facts and standards with only a brief synopsis below.

#### A. Factual Background

Plaintiff is an African American male, who attended Capella University for eleven years. *Id.* at 2. While there, he maintained a 4.00 GPA and made the President's list forty-five times. *Id.* He also invested approximately $500,000.00 in his education. *Id.* Even so, Plaintiff alleges he experienced multiple instances of racism during his time there. *Id.* at 2–3.

He alleges that his professor, Dr. Polkar, made racist comments about him and other black people. *Id.* at 2. Due to this racial animus, she posted a B grade on his transcript even though he earned all A's in her class. *Id.* Plaintiff also alleges that Capella made him complete two full-term licensure courses to graduate, but, when he completed the courses, Capella expelled him without a degree. *Id.* at 3. He asserts a person told him that Capella discharged him because it does not allow Black males to be licensed professional counselors. *Id.* Finally, Plaintiff alleges Capella set him up with a fake practicum where he received no practical experience but was instead subjected to derogatory and racist comments by his site supervisor, Defendant Adams. *Id.* As a result of these alleged racist instances, Plaintiff asserts these actions violated Title VI of the Civil Rights Act.

**B.     The Report's Recommendation**

    **1.     Motion to Dismiss**

The Report recommends dismissing Plaintiff's Title VI claims against the individual Defendants with prejudice because only entities can be held liable for a violation of the statute. *Id.* at 5 (citing *Callum v. CVS Health Corp.*, 137 F. Supp. 3d 817, 844 (D.S.C. 2015)).

The Report also recommends dismissing Plaintiff's Title VI claims against Capella *without* prejudice. *See id*. at 6–9. To state a Title VI claim, Plaintiff must allege facts establishing that (1) Capella received federal financial assistance, and (2) it engaged in intentional discrimination based on race, color, or national origin. *See id.* at 6 (citing *Lucas v. VHC Health*, 128 F.4th 213, 221 (4th Cir. 2025)). The magistrate judge concludes that Plaintiff fails to plead these elements in his complaint. *Id*. at 7–9.

The magistrate judge reasons Plaintiff made only vague and conclusory statements regarding Capella's federal funding. *Id.* at 7. Further, Plaintiff fails to allege that a Capella official with the ability to take corrective measures had knowledge of the racist instances and failed to adequately respond. *Id.* at 8; *see also Lucas*, 128 F.4th at 222 (quoting *Jennings v. Univ. of N.C.*, 482 F.3d 686, 700 (4th Cir. 2007) (holding that, under the deliberate indifference standard for intentional discrimination, an entity can be held liable "only if an official who has authority to address the alleged discrimination and to institute corrective measures has actual knowledge of discrimination [] and fails adequately to respond")). The magistrate judge recommends dismissing this claim without prejudice because, as opposed to Plaintiff's Title VI claims against the individual Defendants, Plaintiff "may be able to plead additional facts to support this claim and cure the pleading deficiency[.]" [ECF No. 101 at 9 n.4.]

    **2.     Motion for Sanctions**

Next, the Report recommends denying Capella Defendants' motion for sanctions. *Id.* at 12. Capella Defendants seeks Rule 11 sanctions, asserting Plaintiff knowingly pursued frivolous claims and engaged in threatening and abusive conduct. *See id*. at 12; *see also* ECF 55 at 1–13. Specifically, Capella Defendants seek (1) a dismissal of this case as against all Capella Defendants with prejudice; (2) the reasonable attorneys' fees incurred in defending the Plaintiff's frivolous lawsuit and bringing the motion for sanctions; and (3) any additional sanctions deemed necessary by the court to stop Plaintiff's repeated threats and other inappropriate behavior. [ECF No. 101 at 9; ECF No. 55 at 16.]

The magistrate judge finds such sanctions are not warranted. [ECF No. 101 at 12.] She reasons that, because of Plaintiff's pro se status, his filings do not reflect a sanctionable absence of legal or factual basis. *Id.* Further, the record did not clearly demonstrate Plaintiff filed this suit for an improper purpose. *Id*. at 13. The magistrate judge, however, acknowledges Plaintiff's use of violent and threatening language in his court filings and correspondence with Defendants and their counsel. *Id.* at 13–14. Therefore, the magistrate judge issued the following warning in her report: "Plaintiff is hereby advised that Rule 11 sanctions—including but not limited to dismissal of this case with prejudice—will be considered in the future by this Court any time that he submits correspondence or pleadings containing offensive, abusive, profane, or threating language, including but not limited to warnings of possible violence." *Id.* at 14. Thus, the Report recommends denying Capella Defendants' motion for sanctions. *Id.*

## II.     Parties' Objections

Plaintiff, Defendant Adams, and Capella Defendants all object to the Report for various reasons. As discussed below, the court overrules all objections and adopts the Report's ultimate conclusion.

6

### A.     Plaintiff's Objections

The court has carefully reviewed Plaintiff's objections to the Report. The governing standard requires this court to review de novo those portions of the Report to which specific objections are made and to review the remainder for clear error. *Elijah v. Dunbar*, 66 F.4th 454, 459–60 (4th Cir. 2023); *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (D.S.C. 2009) ("In the absence of specific objections . . ., this court is not required to give any explanation for adopting the recommendation."). Although the court has endeavored to identify specific objections where possible, Plaintiff's organization and presentation makes his filing difficult to follow. *See* ECF No. 112. Accordingly, the court has distilled Plaintiff's twenty-seven-page objections and organizes them into categories.

#### 1.     Specific Objections

Generously construing Plaintiff's filing, he appears to make two specific objections to the Report's conclusion that his complaint fails to allege facts sufficient to state a plausible Title VI claim against Capella.

First, Plaintiff argues that Capella is a recipient of federal financial assistance because it accepts federal student loans. *See* ECF No. 112 at 9, 11. Under Title VI, an entity qualifies as a recipient of federal financial assistance if it accepts students' federal financial aid dollars, which includes federal student loans. *Carroll v. Walden Univ., LLC*, 650 F. Supp. 3d 342, 255 (D. Md. 2022); *see also Grove City Coll. v. Bell*, 465 U.S. 555, 563–70 (1984) (holding that a college receives federal financial assistance when it enrolls students who receive federal funds designated for educational expenses). In his complaint, Plaintiff alleges "Capella University has a strong habit of robbing and scamming students' student loan monies," "Vice President Kamala Harris at her rallies, complained about fake and phony schools like Capella University scamming students out

of millions of dollars of Federal Student Loan dollars," and "[t]hey have no business being in an academic milieu collecting student loan money from the government." [ECF No. 1 at 3, 4.] Liberally construing Plaintiff's pro se complaint, this prong is sufficiently pleaded. But the court nevertheless concludes that Plaintiff's complaint must be dismissed because he fails to sufficiently allege the second Title VI prong: Capella engaged in intentional discrimination on the basis of race.

Plaintiff argues that individual Defendants had authority to address the discrimination and that Capella knew of Adams' actions. *See* ECF No. 112 at 6, 23. But these allegations are not in the complaint and may not be raised for the first time in objections. *See Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016) ("[O]ur evaluation is thus generally limited to a review of the allegations of the complaint itself."); *see also Gillaspie v. Del Toro*, No. 219CV00453DCNMHC, 2022 WL 909386, at *7 (D.S.C. Mar. 29, 2022) (overruling an objection because the plaintiff raised the argument for the first time in her objections to the magistrate judge's report). Thus, this objection is overruled, and the court adopts the recommendation to dismiss Plaintiff's Title VI claims against all Defendants.

### 2.  Conclusory Objections

Plaintiff's filing expresses disagreement with the Report's ultimate recommendation of dismissal, but he fails to identify any legal or factual error in the Report. *See* ECF No. 112 at 5–7, 20. For example, Plaintiff states "[t]he entire complaint from its **JRISDICTION AND VENUE** competently; with evidence, provides facts that set forth many cognizable claims." *Id*. at 5 (errors in original) (emphasis in original). Plaintiff also contends the "claims in his complaint are sufficient to warrant a trial." *Id*. at 7. His general claims are conclusory and do not trigger a de novo review. *See Elijah*, 66 F.4th at 460 ("Just as a complaint stating only 'I complain' states no

8

claim, an objection stating only 'I object' preserves no issue for review." (quoting *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). To the extent these objections trigger a de novo review, they are overruled. As explained above, Plaintiff's complaint fails to allege facts sufficient to state a plausible Title VI claim as to all Defendants.

### 3. Impertinent Facts

Many objections reiterate allegations or introduce new facts unrelated to the Title VI claim. *See* ECF No. 112 at 5–8, 10–13, 15, 18, 20, 22. For example, Plaintiff expands upon his allegations that, due to racial animus, Capella and its employees stole his tuition money, improperly awarded him an incorrect letter grade, and placed him in a fictitious practicum with Defendant Adams. *See id*. at 5–7, 10, 12, 20, 22; *see also* ECF No. 1 at 3–8. He also alleges new facts about other lawsuits involving Capella, his experience growing up in New York City, and purported First Amendment violations. *See* ECF No. 112 at 8, 10–11, 13–15. As an initial matter, under a motion to dismiss, the court's review is limited to facts alleged in the complaint and any documents incorporated by reference. *Goines*, 822 F.3d at 165–66. Further, the Plaintiff cannot raise new arguments in his objections to the Report. *See Gillaspie v. Del Toro*, No. 219CV00453DCNMHC, 2022 WL 909386, at *7 (D.S.C. Mar. 29, 2022); *see also Buford v. Ocwen Loan Servicing*, LLC, 2018 WL 6617646, at *3 (E.D. Va. Dec. 18, 2018) ("Parties may not raise entirely new arguments for the first time in their objections to a magistrate judge's report.") Finally, even if the court were to consider these new allegations and arguments, they are not relevant to a claim for discrimination under Title VI because they do not address Capella's federal funding or deliberate indifference. *See Lucas*, 128 F.4th at 221–22. Thus, the court overrules these objections.

### 4. Allegations of Bias

Plaintiff also asserts multiple allegations of bias against the magistrate judge, calling her rude, disrespectful, partial, and racist. *See* ECF No. 122 at 5, 7, 10. These allegations are wholly without merit. Plaintiff provides no evidence of bias beyond his disagreement with the Report's adverse recommendation. *See id*. Disagreement with the outcome, however, does not establish bias. Accordingly, this objection is overruled.

### 5. Docket Text Orders

Finally, Plaintiff objects to the denial of default judgment against Adams and to the stay of discovery. *Id.* at 5, 9. To the extent the objections can be construed as a motion for reconsideration, Plaintiff's motion is denied because these decisions were not clearly erroneous or contrary to law, and he provides no viable argument to the contrary. *See* Fed. R. Civ. P. 72(a) (establishing the "clearly erroneous or contrary to law" standard for review of non-dispositive matters).

### B.    Defendant Adams' Objections

Defendant Adams asserts two objections to the Report. *See* ECF No. 108 at 2. First, she asserts that the Report fails to consider several of her motions, including motions for leave to submit supporting documents, for summary judgment, and to plead crossclaims and counterclaims. *Id.* The magistrate judge addressed these motions in a docket text order. *See* ECF No. 102. There, the magistrate judge found Defendant Adams' motions moot because the Report recommends dismissing Plaintiff's claim against her with prejudice, thereby ending the case against her. *Id.* The court agrees with the magistrate judge's disposition. Because the court dismisses Plaintiff's complaint, Defendant Adams' motions are moot. This objection is overruled.

Defendant Adams' second objection challenges the magistrate judge's recommendation of "dismissal with prejudice." *See* ECF No. 108 at 2. She argues this improperly treats Plaintiff's allegations as conclusively true and imposes an unduly harsh remedy. *Id.* But Defendant Adams

appears to misunderstand the Report as recommending dismissal of her proposed counterclaims and crossclaims with prejudice. The magistrate judge, however, recommends dismissing the Plaintiff's claims against Defendant Adams with prejudice and, as a result, finds her motions for crossclaims and counterclaims moot. [ECF No. 101 at 5–6; ECF No. 102.] Further, a motion to dismiss only accepts the allegations in Plaintiff's complaint as true to resolve the motion, not as conclusive or established facts. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435 (4th Cir. 2011) ("When ruling on a Rule 12(b)(6) motion to dismiss, 'a judge must accept as true all of the factual allegations contained in the complaint.'" (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007))). Thus, the court overrules this objection.

### C.   Capella Defendants' Objections

Capella Defendants object to two of the Report's recommendations. *See* ECF No. 109. First, they challenge the dismissal without prejudice,[2] and second, they object to the denial of sanctions. *Id.* at 2. They argue the Title VI claims are baseless and that Plaintiff's language constitutes harassment. *Id.* at 11–13. The court finds no objective evidence of improper purpose and considers Plaintiff's pro se status.

---

[2] Capella Defendants' filing merely requests dismissal with prejudice as sanction, citing *In re Jemsek Clinic, P.A.*, 850 F.3d 150, 158 (4th Cir. 2017). *In re Jemsek Clinic* holds "[f]ederal courts have the inherent power to dismiss an action with prejudice." 850 F.3d at 158. It also discusses several factors a court must weigh before granting this "extreme sanction." *Id.* Capella Defendants' objection fails to argue how such factors support dismissal with prejudice. *See Carter v. South Carolina*, No. CA 605-2851-TLW-WMC, 2007 WL 1342750, at *2 (D.S.C. May 4, 2007) ("A court may not construct a party's legal arguments for him or her."); *see also Sanchez v. Miller*, 792 F.2d 694 (7th Cir. 1986) ("It is not the obligation of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel."). The court agrees with magistrate judge that Plaintiff's Title VI claim must be dismissed without prejudice and overrules this objection.

11

### 1. Unwarranted Claims

Capella Defendants argue sanctions are warranted because, even considering his pro se status, Plaintiff's Title VI claims against the individual Defendants are "so untenable that no one in the same circumstances would have believed his or her actions to be legally justified." [ECF No. 109 at 13 (citing *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 151, 153 (4th Cir. 2002)).]

Under Rule 11, a party represents that its claims are "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Therefore, a court may issue sanctions when, "applying a standard of objective reasonableness, it can be said that a reasonable attorney in like circumstances could not have believed his actions to be legally justified." *Hunter*, 281 F.3d at 153 (quoting *In re Sargent*, 136 F.3d 349, 352 (4th Cir.1998)). But under this analysis, pro se parties are entitled to consideration of their non-lawyer status. *Weathers v. Ziko*, 113 F. Supp. 3d 830, 833 (M.D.N.C. 2015).

Here, Capella Defendants argue Plaintiff could not have believed his actions were legally justified because he knew his Title VI claims against the individual Defendants were unwarranted. [ECF No. 109 at 12.] They point to the fact that defense counsel sent him a letter explaining why his claims were frivolous and that his Title VI claims against individual defendants were dismissed in a case he filed in 2021. *Id.* (citing ECF No. 57; *Nurse v. A Better Choice Case Mgmt., LLC*, 2021 WL 3410791, at *4 (D.S.C. June 4, 2021)). Yet defense counsel's letter simply states Plaintiff's "claims are not well grounded in fact, are foreclosed by existing precedent and, as best we can tell, serve no purpose other than to harass and intimidate the Capella Defendants." [ECF No. 57 at 4.] Further, given his non-lawyer status, Plaintiff is unlikely to have understood why his previous Title VI claims were dismissed, and Capella Defendants have not presented sufficient evidence

demonstrating otherwise. Therefore, Capella Defendants' first theory fails to convince the court that sanctions are warranted.

> **2. Harassment**

Capella Defendants next argue Plaintiff's continued use of threatening and derogatory language warrants sanctions because such conduct is the "epitome of harassment and bad faith." *See* ECF No. 109 at 13.

Rule 11 dictates that, when filing a lawsuit, a party represents "it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). When reviewing for an improper purpose, the court must objectively consider Plaintiff's intent, not the consequences of his act from Capella Defendants' subjective point-of-view. *See In re Kunstler*, 914 F.2d 505, 518 (4th Cir. 1990) ("[A] court must ignore evidence of the injured party's subjective beliefs and look for more objective evidence of the signer's purpose."). Therefore, to warrant sanctions, the record must contain objective evidence that Plaintiff's motive was to use this suit to harass Capella Defendants.

Here, while Plaintiff's use of threatening and derogatory language is inappropriate, Capella Defendants have pointed to no objective evidence that Plaintiff filed this suit for an improper purpose. His briefings demonstrate a sincere desire to vindicate rights in court, despite falling short of asserting a pursuable claim. *Id.* ("[T]he purpose to vindicate rights in court must be central and sincere."). Accordingly, the court finds sanctions are not warranted under Rule 11 and overrules Capella Defendants' objections. Capella Defendants' motion for sanctions is denied.

Plaintiff is, however, on notice that future threatening or abusive conduct will result in sanctions.

## CONCLUSION

After reviewing the Report, the applicable law, and the record of this case in accordance with the above standards, the court adopts the Report, ECF No. 101. Capella Defendants' motion to dismiss, ECF No. 34, is **GRANTED.** Plaintiff's Title VI claim against the individual Defendants is dismissed with prejudice, and his Title VI claim against Capella is dismissed without prejudice. Capella Defendants' motion for sanctions against Plaintiff, ECF No. 55, is **DENIED.**

**IT IS SO ORDERED.**

February 17, 2026
Columbia, South Carolina

Sherri A. Lydon
United States District Judge